UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JACQUELINE RENFROE,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:12-cv-953

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a social security action brought *pro se* under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. The matter is before the court on defendant's motion for summary judgment[1] seeking dismissal of plaintiff's complaint on the ground that it is barred by the statute of limitations. (docket # 6). I recommend that defendant's motion for summary judgment be granted.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence

---

[1] On January 11, 2013, the court entered an order converting defendant's motion to dismiss into a motion for summary judgment. (01/11/2013 Order, docket # 13).

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fuhr v. Hazel Park Pub. Sch Dist.*, 710 F.3d 668, 673 (6th Cir. 2013).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Bozung v. Rawson*, 439 F. App'x 513, 518-19 (6th Cir. 2011). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the

opponent cannot sustain her burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his [or her] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to defendant's motion for summary judgment based on the affirmative defense of the statute of limitations.

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On July 7, 2010, an administrative law judge (ALJ) entered a decision denying plaintiff's claims for DIB and SSI benefits. (docket # 7-1 at ID#s 29-39). On April 17, 2012, the Appeals Council mailed plaintiff and her attorney a notice of its denial of plaintiff's request for review of the ALJ's decision. (Herbst Decl. ¶ 3, docket # 7, ID# 23; docket # 7-2, ID#s 41-43; docket # 15-1, ID#s 73-75). The notice advised plaintiff that she

had sixty days within which to file a civil action. (docket # 7-2, ID# 42). The notice stated, "The 60 days start the day after you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.*). Plaintiff did not file any affidavit or unsworn declaration under 28 U.S.C. § 1746 attempting to rebut the presumption by specifying the date she first received the Appeals Council's notice.

The Appeals Council's notices are mailed in envelopes with the "return address of Office of Adjudication and Review, 5107 Leesburg Pike, Falls Church, VA." (Herbst Decl. ¶ 3(b), ID#s 23-24). Local offices of the Social Security Administration are able to provide a courtesy copy of the Appeals Council's decision on request. (*Id.*). In response to defendant's motion, plaintiff filed an envelope postmarked August 21, 2012, with the return address of a Benton Harbor social security office and a note dated August 22, 2012, expressing her desire to seek judicial review of the Commissioner's decision. (docket # 15-1, ID# 82-84).

On August 31, 2012, plaintiff filed her complaint. (docket# 1).

**Discussion**

Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner [] may allow." 42 U.S.C. § 405(g). The time limitation for filing a complaint seeking judicial review of the Commissioner's final administrative decision "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *See Cook v. Commissioner*, 480 F.3d 432, 436

(6th Cir. 2007); 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Plaintiff did not present evidence rebutting the presumption. Thus, her presumed date of receipt of the Appeals Council's notice was April 23, 2012, and she was required to file her complaint on or before June 22, 2012. Her subsequent receipt of a copy of the Appeals Council's notice from a local social security office would not "restart" the statute of limitations clock. I find that plaintiff's claims are barred by the statute of limitations.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (docket # 6) be granted.

Dated: May 1, 2013        /s/ Joseph G. Scoville
                          United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)